## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD GERON BROWN, | ) | |
| by and through | ) | |
| RICARDO ORLANDIS ELLIOT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-00502 HEA |
| | ) | |
| VALERIE HUHN, | ) | |
| | ) | |
| Respondent. | ) | |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of Ricardo Elliot to proceed as next friend on behalf of Reginald Brown, a civil detainee in Fulton State Hospital in Fulton, Missouri. [ECF No. 3]. The motion will be denied, and this action will be dismissed.

### Background

As background, petitioner Reginald Brown was indicted in St. Louis City Court on March 2, 2021, on two counts of assault in the first degree and two counts of armed criminal action. *See State v. Brown*, No. 2022-CR02030-01 (22nd Jud. Cir., St. Louis City).[1] On April 6, 2021, on the Circuit Court's own motion, the court ordered that petitioner's mental competency be evaluated pursuant to Missouri Revised Statute § 552.020. In compliance with the statute, the Circuit Court suspended proceedings in the case.[2] After the Missouri Department of Mental Health completed

---

[1]The Court takes judicial notice of this public record. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville,* 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

[2]Missouri law provides for competency evaluations under Mo.Rev.Stat. § 552.020, and it requires that the evaluations be completed within sixty (60) days of being ordered. *See* § 552.020.2. During the pendency of the evaluation, the court may order "the accused be committed to or held in a suitable hospital facility." *Id*.

the psychiatric report on June 10, 2021, and submitted it to the Court, the Circuit Court placed the criminal case on the "mental inactive docket" on June 29, 2021. Petitioner was committed to the custody of the Missouri Department of Mental Health at that time. The Circuit Court's Order stated:

> The Director of the Department of Mental Health. . .shall evaluate the defendant's mental ability and the capacity within six months from the date of this order and submit to the Court a progress report including a medical opinion of the likelihood of the defendant-patient being mentally fit to proceed in accordance with Sec. 552.030.10(1) RSMo.2000. Said report shall be submitted within 30 days after evaluation.

A response, as well as a copy of petitioner's mental exam, was filed with the Circuit Court on April 25, 2022, by the Missouri Department of Mental Health. On November 2, 2022, a motion was made by the Assistant General Counsel for the Missouri Department of Mental Health for the continued commitment of petitioner. A copy of petitioner's latest mental exam was filed simultaneously therewith. The Circuit Court found:

> [O]n the basis of the report, that Defendant, Reginald G. Brown, is not now mentally fit to proceed.

Therefore, it is ORDERED pursuant to § 520.020, RSMo that:

1. The criminal proceedings in this case shall continue to be suspended.

2. Defendant's commitment to the custody of the Director of the Missouri Department of Mental Health shall continue until further order of this Court.

3. The head of the facility in which Defendant is detained, or a qualified Designee, shall within 180 days after the date of this Order examine him to ascertain whether

---

at § 552.020.5. If the contents of the evaluation are contested, the court must hold a hearing to determine the accused's "mental fitness to proceed." *Id*. at § 552.020.7. At such a hearing, "the accused is presumed to have the mental fitness to proceed." *Id*. at § 552.020.8. Upon a finding of mental unfitness, the criminal proceedings must be suspended, and the accused committed "to the director of the department of mental health." *Id*. at § 552.020.9. Six months after a commitment, the court must order an examination by the head of the mental health facility to ascertain whether the accused is fit to proceed. *Id*. at § 552.020.11(1). A person so committed "shall be entitled to a [state law] writ of habeas corpus upon proper petition to the court that committed him." *Id*. at § 552.020.10.

he is mentally fit to proceed, and if not, whether there is a substantial probability that he will attain mental fitness to proceed to trial in the foreseeable future.

4. A written report of the examination be filed with the clerk of this Court, within thirty (30) days thereafter.

It appears that the next report from the Missouri Department of Mental Health regarding petitioner's mental status is due to the Circuit Court on or about May 22, 2023.

## Discussion

The Supreme Court has stated that to obtain "next friend" standing in a habeas matter, (1) a next friend must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf, and (2) the next friend must be truly dedicated to the best interests of the real party in interest. *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990); *see also* Fed. R. Civ. P. 17(c)

In his motion to proceed as next friend on behalf of pro se civil detainee Reginald Brown, Mr. Elliot, a non-attorney who is proceeding pro se,[3] fails to give any indication why there is a need to proceed on behalf of petitioner. At this time, petitioner has not been declared incompetent or disabled, although he has been detained by the State of Missouri since April of 2021. Moreover, there is no indication that petitioner is inaccessible to Mr. Elliot, as it appears that he has filled out the motion for next friend along with Mr. Elliot. Nonetheless, there is no indication in the motion as to the relationship between Mr. Elliot and petitioner, and there is no indication as to why petitioner cannot speak for himself in this action, *i.e.,* petitioner is not "inaccessible" as the term is used in *Whitmore*. *Id.* That is, petitioner could appear on his own behalf and prosecute his own action in this Court.

---

[3]A non-attorney cannot litigate on behalf of a pro se petitioner. *See Crozier for A.C. v. Westside Cmty. Sch. Dist.,* 973 F.3d 882, 887 (8th Cir. 2020) (non-attorney parents cannot litigate on behalf of their minor children); *see also Elustra v. Mineo,* 595 F.3d 699, 704 (7th Cir. 2010) (next friends may not conduct litigation pro se). This is but one of the insurmountable issues in this action.

Furthermore, Mr. Elliot has attached to the motion for next friend a copy of a document titled "Durable Power of Attorney with General Powers for All Purposes." However, the document does not appear to be signed by petitioner.[4] And additionally, there is no indication in the motion for next friend as to why there is a need for a Durable Power of Attorney in this action, let alone from a non-attorney pro se litigant attempting to proceed on behalf of another pro se litigant in a habeas action.

Based on all of the aforementioned reasons, Mr. Elliot's motion to proceed as next friend on behalf of Reginald Brown will be denied and this matter will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Ricardo Elliot's motion to proceed as next friend on behalf of Reginald Brown is **DENIED** [ECF No. 2] and this action is **DISMISSED, without prejudice**.

**IT IS FURTHER ORDERED** that petitioner's application for leave to proceed in forma pauperis [ECF No. 3] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 28th day of April, 2023

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[4]There is signature line for "Principal" however the handwriting on the line is illegible. Additionally, this handwriting does not match the handwriting contained in the motion for next friend that is purported to belong to Reginald Brown.

4